UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                        Plaintiff,

-against-

VAMCO SHEET METALS, INC.,

                        Defendant.

**AMENDED ANSWER**

Case No.: 1:13-cv-06088-JPO

Defendant Vamco Sheet Metals, Inc. ("Vamco"), as and for its Amended Answer to Plaintiff's Complaint, filed on August 29, 2013, by and through its undersigned attorneys McNamee, Lochner, Titus & Williams, P.C., hereby responds as follows:

Nature of the Action:  Vamco ADMITS that Plaintiff purports to assert an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, but DENIES all remaining allegations of the paragraph labeled "Nature of the Action" of the Complaint.

1. Vamco ADMITS that Plaintiff purports to assert an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, but otherwise DENIES the remaining allegations of Paragraph "1" of the Complaint.

2. Vamco ADMITS that it performed work on a construction project at the John Jay College of Criminal Justice in New York City ("John Jay project"), which is located within the physical jurisdiction of the United States District Court for the Southern District of New York, but Vamco DENIES the remaining allegations of Paragraph "2" of the Complaint to the extent that they imply that Vamco committed unlawful employment practices.

3. Vamco DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations of Paragraph "3" of the Complaint.

4. Vamco ADMITS that it is a corporation duly organized and existing under the laws of the State of New York, but it DENIES the remaining allegations of Paragraph "4" of the Complaint.

5. Vamco DENIES the allegations of Paragraph "5" of the Complaint.

6. Vamco DENIES the allegations of Paragraph "6" of the Complaint.

7. Vamco ADMITS the allegations of Paragraph "7" of the Complaint.

8. Vamco DENIES the allegations of Paragraph "8" of the Complaint.

9. Vamco ADMITS that, upon information and belief, the John Jay project was in the territory covered by Local 28 of the Sheet Metal Workers' International Union ("Local 28"), but DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations of Paragraph "9" of the Complaint.

10. Vamco DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations of Paragraph "10" of the Complaint.

11. Vamco DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations of Paragraph "11" of the Complaint.

12. Vamco DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations of Paragraph "12" of the Complaint.

13. Vamco DENIES the allegations of Paragraph "13" of the Complaint.

14. Vamco DENIES the allegations of Paragraph "14" of the Complaint.

15. Vamco DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations of Paragraph "15" of the Complaint.

### Kesha Watkins

16.     Vamco DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations of Paragraph "16" of the Complaint.

17.     Vamco ADMITS that it requested sheet metal workers from the Local 28 referral hall on or about June 15, 2009, and further admits that Kesha Watkins ("Watkins") was sent to the John Jay project on June 16, 2009, but otherwise DENIES the remaining allegations of Paragraph "17" of the Complaint.

18.     Vamco ADMITS that Watkins was laid off on June 22, 2009 for legitimate non-discriminatory reasons, but otherwise DENIES the remaining allegations of Paragraph "18" of the Complaint.

19.     Vamco DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations of Paragraph "19" of the Complaint, except that Vamco ADMITS that the Local 28 referral hall sent Watkins back to the John Jay project when Vamco requested additional sheet metal workers, and Vamco re-hired Watkins on or about July 28, 2009.

20.     Vamco ADMITS that Watkins was laid off on August 3, 2009 for legitimate non-discriminatory reasons, but otherwise DENIES the remaining allegations of Paragraph "20" of the Complaint.

21.     Vamco ADMITS Vamco re-hired Watkins on or about August 5, 2009, but otherwise DENIES the remaining allegations of Paragraph "21" of the Complaint.

22.     Vamco DENIES the allegations of Paragraph "22" of the Complaint.

23.     Vamco DENIES the allegations of Paragraph "23" of the Complaint.

24.     Vamco DENIES the allegations of Paragraph "24" of the Complaint.

### Melanie DeMicco

25.     Vamco DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations of Paragraph "25" of the Complaint.

26.     Vamco ADMITS that it requested sheet metal workers from the Local 28 referral hall on or about March 26, 2010, and further ADMITS that Melanie DeMicco ("DeMicco") was referred to and hired by Vamco for the John Jay project on or about March 29, 2010.

27.     Vamco DENIES the allegations of Paragraph "27" of the Complaint.

28.     Vamco ADMITS that DeMicco was laid off for legitimate non-discriminatory reasons, but otherwise DENIES the remaining allegations of Paragraph "28" of the Complaint.

29.     Vamco DENIES the allegations of Paragraph "29" of the Complaint.

### Anna Quitoriano

30.     Vamco DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations of Paragraph "30" of the Complaint.

31.     Vamco ADMITS that it requested sheet metal workers from the Local 28 referral hall on or about March 26, 2010, and further ADMITS that Anna Quitoriano ("Quitoriano") was referred and hired for the John Jay project on or about March 29, 2010, but otherwise DENIES the allegations of Paragraph "31" of the Complaint.

32.     Vamco DENIES the allegations of Paragraph "32" of the Complaint.

33.     Vamco ADMITS that Quitoriano was laid off for legitimate non-discriminatory reasons, but otherwise DENIES the remaining allegations of Paragraph "33" of the Complaint.

34.     Vamco DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations of Paragraph "34" of the Complaint.

### Nilsa Lopez

35. Vamco DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations of Paragraph "35" of the Complaint.

36. Vamco ADMITS that it requested sheet metal workers from the Local 28 referral hall on or about April 8, 2010, and further ADMITS that Nilsa Lopez ("Lopez") was referred and hired for the John Jay project on or about April 12, 2010, but otherwise DENIES the allegations of Paragraph "36" of the Complaint.

37. Vamco DENIES the allegations of Paragraph "32" of the Complaint.

38. Vamco ADMITS that Lopez was laid off on April 19, 2010 for legitimate non-discriminatory reasons, but otherwise DENIES the allegations of Paragraph "38" of the Complaint.

39. Vamco DENIES the allegations of Paragraph "39" of the Complaint.

40. Vamco DENIES the allegations of Paragraph "40" of the Complaint.

### Other Women

41. Vamco DENIES the allegations of Paragraph "41" of the Complaint.

### Additional Allegations

42. Vamco DENIES the allegations of Paragraph "42" of the Complaint.

43. Vamco DENIES the allegations of Paragraph "43" of the Complaint.

44. Vamco DENIES the allegations of Paragraph "44" of the Complaint.

45. Vamco DENIES that Plaintiff is entitled to the relief sought in the paragraph labeled "Prayer for Relief" of the Complaint, or to any relief at all.

46. Vamco DENIES all allegations of the Complaint not specifically admitted herein.

### FIRST AFFIRMATIVE DEFENSE

47. Upon information and belief, this court lacks subject matter jurisdiction of some or all of Plaintiff's claims.

### SECOND AFFIRMATIVE DEFENSE

48. Upon information and belief, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

49. Upon information and belief, Plaintiff's Complaint fails to state a claim upon which compensatory or punitive damages may be awarded.

### FOURTH AFFIRMATIVE DEFENSE

50. Upon information and belief, some or all of Plaintiff's claims are barred by reason of the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

51. Upon information and belief, Plaintiff's claims herein are barred by FRCP 13 and other applicable law because Plaintiff failed to assert the claims herein in a prior pending action involving the parties herein, wherein the Plaintiff has (i) acted adverse to Vamco, (ii) conducted discovery against Vamco on issues related to the claims herein, and (iii) admitted that the claims herein are related to the prior pending action.

### SIXTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims asserted on behalf of Charging Party Nilsa Lopez are barred by the applicable statute of limitations because Lopez filed her charges of alleged discriminatory employment practices outside of the statutory 300-day period of 42 U.S.C. § 2000e-5(e).

**SEVENTH AFFIRMATIVE DEFENSE**

53.     Upon information and belief, some or all of Plaintiff's claims are barred because Plaintiff failed to exhaust administrative remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

54.     Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by their failure to comply with the jurisdictional pre-requisites and/or conditions precedent to filing an action under applicable law.

**NINTH AFFIRMATIVE DEFENSE**

55.     Upon information and belief, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to adequately exhaust conciliation efforts pursuant to 42 U.S.C. § 2000e-5(b) prior to filing the above-captioned action.

**TENTH AFFIRMATIVE DEFENSE**

56.     Upon information and belief, Plaintiff's claims on behalf of a purported class of female sheet metal workers are barred, in whole or in part, because Plaintiff failed and/or refused to disclose relevant information about the class during the administrative and conciliation stages of this matter prior to filing the above-captioned action.

**ELEVENTH AFFIRMATIVE DEFENSE**

57.     Upon information and belief, some or all of Plaintiff's claims are barred because the Charging Parties failed to make use of available internal mechanisms for addressing their complaints, and because they failed to notify the employer of their allegations so that they could be properly addressed.

### TWELFTH AFFIRMATIVE DEFENSE

58. Upon information and belief, some or all of Plaintiff's claims are barred by reason of the Charging Parties' failure to exhaust all collective bargaining agreement remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

59. Vamco's employment decisions with respect to female sheet metal workers were not motivated in whole or in part by gender, but rather were undertaken for legitimate and non-discriminatory reasons.

### FOURTEENTH AFFIRMATIVE DEFENSE

60. Vamco's employment decisions with respect to female sheet metal workers were not motivated in whole or in part by anyone's status as a new mother with a need to express breast milk, but rather were undertaken for legitimate and non-discriminatory reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE

61. Vamco's employment decisions with respect to female sheet metal workers were not motived in whole or in part as retaliation for engaging in a protected activity.

### SIXTEENTH AFFIRMATIVE DEFENSE

62. At all times relevant herein, Vamco acted in good faith, without malice, and in accord with existing law and authority.

### SEVENTEENTH AFFIRMATIVE DEFENSE

63. Vamco has not deprived the Charging Parties of any rights, privileges, or immunities secured under the constitution or laws of the United States or under state law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

64. Without conceding that Plaintiffs have suffered any damages as a result of any purportedly wrongful act of Vamco, the Charging Parties have failed to mitigate their damages.

### NINETEENTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred by reason of the doctrines of waiver and laches.

### TWENTIETH AFFIRMATIVE DEFENSE

66. Plaintiff's claims are barred by reason of the doctrines of unclean hands and inequitable conduct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

67. Charging Party Kesha Watkins cannot be part of "class" due to issuance of Right-to-Sue letter.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

68. Charging Party Kesha Watkins failed to sue within 90 days following receipt of a right-to-sue letter from the Equal Opportunity Employment Commission.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

69. Upon information and belief, the Charging Parties' claims are barred because they failed to make use of available internal mechanisms for addressing their complaints, and because they failed to notify Vamco of their allegations so that they could be properly addressed.

### TWENTY- FOURTH AFFIRMATIVE DEFENSE

70. Any harm which came, or may come, to the Charging Parties was the direct and proximate result of Charging Parties' own actions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

71. Plaintiff's claims are barred by reason of the doctrine of illegality.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

72. Vamco's conduct and actions were undertaken for legitimate and non-discriminatory reasons.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

73.     The Charging Parties were not subject to any adverse action by Vamco.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

74.     Without conceding that the Charging Parties have suffered any damages as a result of any purportedly wrongful act of Vamco, the Charging Parties have failed to mitigate their damages.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

75.     Plaintiff's claims are barred, in whole or in part, by reason of the after-acquired evidence doctrine.

### THIRTIETH AFFIRMATIVE DEFENSE

76.     Upon information and belief, Plaintiff's claims are barred by virtue of the fact that Vamco is not an "employer" within the meaning of Title VII of the Civil Rights Act.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

77.     Plaintiff's claims are barred by virtue of the fact that it failed to join a necessary party.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

78.     Plaintiff's claims are barred by the doctrine of estoppel.

**WHEREFORE**, Defendant Vamco Sheet Metals, Inc. respectfully requests that this Court enter an order dismissing the Complaint herein, with prejudice, and with an award of all appropriate fees and costs to Defendant Vamco Sheet Metals, Inc., including legal fees, together with such other and further relief as to the Court may seem just and reasonable.

Dated: December 11, 2013

                      McNAMEE, LOCHNER, TITUS & WILLIAMS, P.C.

                By: */s/ Christopher Massaroni*
                    Christopher Massaroni, Esq. (CM1021)
                    Email: Massaroni@mltw.com
                    Glen P. Doherty, Esq. (GD2197)
                    Email: Doherty@mltw.com
                    Jacob F. Lamme, Esq. (JL0819)
                    Email: Lamme@mltw.com
                    *Attorneys for Defendant Vamco Sheet Metals, Inc.*
                    677 Broadway, Suite 500
                    Albany, New York 12207
                    Tel: 518-447-3200