UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 13-cv-6088 (JPO) |
| Plaintiff, | |
| - against - | NOTICE OF MOTION TO INTERVENE AS PLAINTIFFS-INTERVENORS |
| VAMCO SHEET METALS, INC., | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

To: Thomas Lepak, Esq.
Nora Curtain, Esq.
Equal Employment Opportunity Commission
33 Whitehall Street, 5th Floor
New York, NY 10004
Attorney for Plaintiff EEOC
*(Via ECF)*

Christopher Massaroni, Esq.
Glen Doherty, Esq.
Jacob Lamme, Esq.
McNamee, Lochner, Titus & Williams, P.C.
677 Broadway
Albany, New York 12201
Attorney for Defendant
*(Via ECF)*

Please take notice that, for the reasons set forth in the accompanying Memorandum of Law of Plaintiffs-Intervenors In Support of Their Motion to Intervene, the undersigned hereby makes a motion on behalf of Plaintiffs-Intervenors Keisha Watkins, Anna Quitoriano, Nilsa Lopez and Melanie DeMicco to intervene in the above-captioned matter pursuant to Rule 24(a) of the Federal Rules of Civil Procedure and to file the Complaint of Plaintiffs-Intervenors Keisha

Watkins, Anna Quitoriano, Nilsa Lopez and Melanie DeMicco, which is annexed hereto as

<u>Attachment A.</u>

Dated: December 19, 2013
New York, NY

                                                Respectfully submitted,

                                                Legal Momentum

                                                By: _____

                                                Michelle A. Caiola (MC2110)
                                                Acting Litigation Director

                                                New address as of 01/01/2014
                                                5 Hanover Square, Ste. 1502
                                                New York, NY 10004
                                                T: 212-413-7534
                                                mcaiola@legalmomentum.org

                                                Attorney for Plaintiffs-Intervenors

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION, : CIVIL ACTION NO.
: 13-cv-6088(JPO)
          Plaintiff, :
:
   - against - : MEMORANDUM OF LAW IN
: IN SUPPORT OF
VAMCO SHEET METALS, INC., : PLAINTIFFS-INTERVENORS'
: MOTION TO INTERVENE
          Defendant. :
------------------------------------x

MEMORANDUM OF LAW OF PLAINTIFFS-INTERVENORS
IN SUPPORT OF THEIR MOTION TO INTERVENE

1

## PRELIMINARY STATEMENT

Plaintiffs-Intervenors Keisha Watkins, Anna Quitoriano, Nilsa Lopez and Melanie DeMicco submit this Memorandum of Law in support of their motion made under Rule 24(a) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) in order to intervene in the above-captioned action.

## FACTS

On August 29, 2013 the United States Equal Employment Opportunity Commission ("EEOC") filed the instant action on behalf of the above-referenced Plaintiffs-Intervenors to rectify Defendant's discriminatory employment practices under Title VII of the Civil Rights Act of 1964, as amended and Title I of the Civil Rights Act of 1991. On October 1, 2013, the case was stayed pending the sequester and restoration of the funding from the Department of Justice. After the government shutdown ended, Defendant filed its Answer on November 25, 2013. On October 15, 2013, the instant action was referred to mediation and the first mediation session was scheduled for January 8, 2014. The initial scheduling conference was to take place before Magistrate Judge Francis at 9:00 a.m. on December 19, 2013.

However, on December 18, 2013, Defendant informed the Court and the parties that it would be obtaining new counsel and requested a 30 day continuance. In light of these developments, the initial scheduling conference has been postponed to January 21, 2013 and the mediation session has been adjourned indefinitely.

By this motion, Plaintiffs-Intervenors respectfully seek permission of the Court to intervene in the instant action brought by the EEOC on their behalf.

## ARGUMENT

A. Plaintiffs-Intervenors Are Entitled to Intervene in the Instant Action as of Right.

2

Plaintiffs-Intervenors have the unconditional right to intervene in the instant action consistent with Rule 24(a)(1). Pertinently, Rule 24(a)(1) provides that, "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Accordingly, because this motion is both timely and authorized under a federal statute, the Court should permit Plaintiffs-Intervenors to intervene as of right.

i. This motion is timely.

This motion comes less than four months from the commencement of the instant action, and is thus timely. *See e.g., EEOC v. Taylor Electric Co.*, 155 F.R.D. 180, 182 (N.D. Ill. 1994) (holding that motion to intervene filed four months after EEOC's commencement of the action was timely). The timing of this motion is additionally appropriate in light of the fact that instant action was furloughed for weeks due to a government shutdown, and that there has been no discovery; indeed, there have been no filings since Defendant filed its Answer. Given that very little has occurred since this action was commenced, it is clear that permitting Plaintiffs-Intervenors to intervene would cause no prejudice to the Defendant. *See Colindres v. Quietflex Mfg. Co., L.P.*, 2002 U.S. Dist. LEXIS 27781, at 9-10 (S. D. Tx., 2002) (emphasizing that "the critical factor is . . . whether intervention will, as a practical matter, unduly delay or prejudice the adjudication of the rights of the original parties" and concluding that defendants would not be prejudiced because "there has been little discovery").

ii. The federal statute at issue in this litigation confers on Plaintiffs-Intervenors the unconditional right to intervene in the instant action.

Plaintiffs-Intervenors' unconditional right to intervene arises from section 706(f). In particular, section 706(f) provides that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the commission . . ." 42 U.S.C. § 2000e-5(f)(1).

3

Since each of the Plaintiffs-Intervenors has previously filed a charge of unlawful employment practices with the EEOC, Plaintiffs-Intervenors clearly qualify as "persons aggrieved" under the well-established precedents. *See e.g., Sprit v. Teachers Ins. and Annuity Ass'n*, 93 F.R.D. 627, 640 (S.D.N.Y., 1982) (concluding that "the statutory language strongly indicates that Congress, in drafting the intervention provision contained in 42 U.S.C. § 2000e-5(f)(1), must have used the term 'person aggrieved' to refer to a person who filed a charge with the EEOC"); *EEOC v. JBS USA, LLC*, 2011 U.S. Dist. LEXIS 74833, at 9-10 (D. Co., 2011) (confirming that applicants who filed charges with the EEOC in advance of EEOC's commencement of a civil action have an unconditional statutory right to intervene); *EEOC v. Northwestern Human Services*, 2005 U.S. Dist. LEXIS 23768, at 8 (E.D. Pa., 2005) (agreeing with *Sprit* that intervenors qualify as "persons aggrieved" if they have previously filed charges with the EEOC).

    B. This Court Possesses Subject-Matter Jurisdiction Over Plaintiffs-Intervenors' Claims.

In their proposed Complaint, Plaintiffs-Intervenors assert claims of sex-based employment discrimination under Title VII, New York State's Human Rights Law, and New York City's Human Rights Law. Additionally, Plaintiff-Intervenor Melanie DeMicco asserts that she was not reasonably accommodated as a nursing mother both under the Fair Labor Standards Act of 1938, as amended by the 2010 Patient Protection and Affordable Care Act, 29 U.S.C. § 207 (r) ("FLSA") and under the New York State's Labor Law, Art. 7 § 206-c ("New York State's Labor Law").

This Court's jurisdiction over all federal law claims asserted in the proposed Complaint is indisputable. *See* 42 U.S.C. § 2000e-5(f)(3) (stating that "each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this chapter"). *See* 29 U.S.C. § 216 (b) (providing that an

4

action to recover liability under the Act "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.")

The Court's jurisdiction over the state and city law claims is equally clear. In particular, Plaintiffs-Intervenors' Title VII claims arise from the same course of events as the claims Plaintiffs-Intervenors assert under the New York State's Human Rights Law and the New York City's Human Rights Law. In the case of Plaintiff-Intervenor Melanie DeMicco, her claim under the New York State's Labor Law is grounded in the same facts as her FLSA claim. Accordingly, this Court clearly possesses subject matter jurisdiction over the state and city law claims outlined in the proposed Complaint. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) (holding that federal courts can assume subject matter jurisdiction over plaintiffs' state law claims for as long as those claims derive from the same "nucleus of operative fact" as plaintiffs' federal law claims); 28 U.S.C. § 1367(a) (stating that courts have supplemental jurisdiction over "all other claims that are so related . . . that they form part of the same case or controversy").

## CONCLUSION

For the foregoing reasons, Plaintiffs-Intervenors respectfully request that their motion to intervene be granted in its entirety, along with such other and further relief which the Court deems just and proper.

Respectfully submitted,

Legal Momentum

Dated: Dec. 19, 2013

By: /s/ Michelle A. Caiola

Michelle A. Caiola (MC2110)
Acting Litigation Director

5

New address as of 1/1/2014:
5 Hanover Square, Ste. 1502
New York, NY 10004
T: 212-413-7534
mcaiola@legalmomentum.org

*Attorney for Plaintiffs-Intervenors
Keisha Watkins, Anna Quitoriano,
Nilsa Lopez and Melanie DeMicco*