UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

EQUAL EMPLOYMENT OPPORTUNITY          13 CIV. 6088 (JPO) (JCF)
COMMISSION,

                Plaintiff,

      -against-

VAMCO SHEET METALS, INC.,

              Defendant.

_____

---

## MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO MOTION TO INTERVENE

---

LITTLER MENDELSON
A Professional Corporation
900 Third Avenue
New York, New York 10022
(212) 583-9600

Of Counsel:
    Barbara A. Gross
    Jean L. Schmidt
    Joshua S. Hurwit

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................................. 1

RELEVANT FACTS AND PROCEDURAL HISTORY ........................................... 2

LEGAL ARGUMENT .............................................................................................. 3

    I.     THE LEGAL STANDARD ........................................................... 3

    II.    THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL
         JURISDICTION OVER PLAINTIFFS-INTERVENORS' CLAIMS
         UNDER THE CITY HRL ................................................................ 4

    III.   PROPOSED INTERVENOR-PLAINTIFF DEMICCO CANNOT STATE
         A CLAIM UNDER FLSA SECTION 207(r)(1) BECAUSE THERE IS
         NO PRIVATE RIGHT OF ACTION ............................................. 6

         A.    FLSA Section 207(r)(1) Does Not Create a Private Right of Action ........ 6

         B.    Even if FLSA 207(r)(1) Did Create a Private Right of Action, This
               Claim is Time-Barred ............................................................ 7

    IV.   PROPOSED INTERVENOR-PLAINTIFF DEMICCO CANNOT STATE
         A CLAIM UNDER LABOR LAW SECTION 206-c BECAUSE IT DOES
         NOT CONFER A PRIVATE RIGHT OF ACTION ............................. 8

    V.    THE COURT SHOULD DENY THE MOTION TO THE EXTENT THE
         PROPOSED INTERVENOR-COMPLAINT PURPORTS TO STATE A
         CLAIM UNDER TITLE VII BASED ON DEFENDANT'S ALLEGED
         FAILURE TO ACCOMMODATE DEMICCO'S NEED TO EXPRESS
         BREAST MILK AND SHOULD DECLINE TO EXERCISE
         SUPPLEMENTAL JURISDICTION OVER DEMICCO'S CLAIMS
         UNDER THE FLSA AND NEW YORK LABOR LAW AS THEY
         WOULD UNNECESSARILY COMPLICATE THE PROCEEDINGS
         AND DIRECT ATTENTION AWAY FROM THE TITLE VII CLAIMS ........ 11

CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

PAGE

CASES

*Anderson v. Davis Polk & Wardwell, LLP,*
    850 F. Supp. 2d 392 (S.D.N.Y. 2012)........................................................5

*Ashjari v. NYNEX Corp.,*
    No. 98-9411, 1999 U.S. App. LEXIS 13968 (2d Cir. June 22, 1999)........................8

*Bermudez v. City of N.Y.,*
    783 F. Supp. 2d 560 (S.D.N.Y. 2011)........................................................5

*Denigris v. N.Y. City Health & Hosps. Corp.,*
    861 F. Supp. 2d 185 (S.D.N.Y. 2012)........................................................8

*EEOC v. Mavis Disc. Tire,*
    No. 12 Civ. 0741, 2013 U.S. Dist. LEXIS 141038 (S.D.N.Y. Sept. 30, 2013)............3, 4

*EEOC v. Rekrem, Inc.,*
    199 F.R.D. 526 (S.D.N.Y. 2001) ......................................................3, 4, 5, 11

*Gabel v. Richards Spears Kibbe & Orbe, LLP,*
    615 F. Supp. 2d 241 (S.D.N.Y. 2009)........................................................8

*Gonzalez v. Caballero,*
    572 F. Supp. 2d 463 (S.D.N.Y. 2008)........................................................2

*Hargett v. Metro. Transp. Auth.,*
    552 F. Supp. 2d 393 (S.D.N.Y. 2008)........................................................8

*Johnson v. Ry. Express Agency, Inc.,*
    421 U.S. 454 (1975)........................................................8

*Ke v. Saigon Grill, Inc.,*
    595 F. Supp. 2d 240 (S.D.N.Y. 2008)........................................................7

*Kratzert v. White Lodging Servs., Inc.*
    No. 09-Civ. 597, 2010 U.S. Dist. LEXIS 20820 (N.D.N.Y. March 8, 2010)............9, 10

*Leonard F. v. Isr. Disc. Bank of N.Y.,*
    199 F.3d 99 (2d Cir. 1999)........................................................2

*Martinez v. NBC Inc.,*
    49 F. Supp. 2d 305 (S.D.N.Y. 1999)........................................................11

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

*McNill v. N.Y. City Dep't of Correction*,
    950 F. Supp. 564 (S.D.N.Y. 1996) ...................................................................11

*Miller v. Roche Sur. & Cas. Co.*,
    502Fed. App'x 891 (11th Cir. 2012) ...............................................................7

*Mitchell v. Faulkner*,
    No. 07 Civ. 2318, 2009 U.S. Dist. LEXIS 17374 (S.D.N.Y. March 5, 2009)..........2

*Oneida Indian Nation of N.Y. v. Madison Cnty. & Oneida Cnty., N.Y.*,
    665 F.3d 408 (2d Cir. 2011)............................................................................10

*Pavlou v. City of N.Y.*,
    300 A.D.2d 120 (N.Y. App. Div. 1st Dep't 2002) ...................................................10

*Salz v. Casey's Mktg. Co.*,
    No. 11 Civ. 3055, 2012 U.S. Dist. LEXIS 100399 (N.D. Iowa July 19, 2012)....................6,7

*Siddiqi v. N.Y. City Health & Hosps. Corp.*,
    572 F. Supp. 2d 353 (S.D.N.Y 2008)...............................................................8

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966)......................................................................................3

**STATUTES**

28 U.S.C. § 1367(a) ..............................................................................................3

28 U.S.C. § 1367(c)(1)..........................................................................................10

42 U.S.C. § 1981 ..................................................................................................4

42 U.S.C. § 2000e-5(f)(1) ......................................................................................3

FLSA Section 207(r)..............................................................................................6

N.Y. Labor Law, Art. 7 § 206-c ("Labor Law Section 206-c")...................................1, 9

New York City Human Rights Law...........................................................................1

New York State Human Rights Law .........................................................................1

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

**OTHER AUTHORITIES**

75 Fed. Reg. 80073, 80078 (Dec. 21, 2010) ..................................................................7

Fed. R. Civ. P. 24(a)(1) ...............................................................................................3

## PRELIMINARY STATEMENT

Defendant Vamco Sheet Metal, Inc. ("Defendant"), by and through its undersigned counsel, Littler Mendelson, P.C., respectfully submits this memorandum of law in partial opposition to the motion to intervene filed by proposed Plaintiffs-Intervenors Kesha Watkins ("Watkins"), Anna Quitoriano ("Quitoriano"), Nilsa Lopez ("Lopez"), and Melanie DeMicco ("DeMicco").

This is an action brought by the United States Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").[1]   The Complaint alleges that Defendant discriminated against Watkins, Quitoriano, Lopez and DeMicco while they were working for Defendant on a construction project.   Watkins, Quitoriano, Lopez and DeMicco (collectively, "Plaintiffs-Intervenors") now move to intervene in this action and, in a proposed Intervenor-Complaint, assert claims under Title VII, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (the "State HRL"), and the New York City Human Rights Law, N.Y. City Admin. Code §§ 88-101 to 131 (the "City HRL").   DeMicco also seeks to assert a claim under the Fair Labor Standards Act of 1938, as amended by the Patient Protection and Affordable Care Act, (29 U.S.C. 207)(r)(1) ("FLSA Section 207(r)(1)"), and a claim under the N.Y. Labor Law, Art. 7 § 206-c ("Labor Law Section 206-c"),[2] arising from the Defendant's alleged failure to accommodate her need to express breast milk.

As explained more fully herein, the Court should deny the motion of Plaintiffs-Intervenors in part.   First, the Court should decline to exercise supplemental jurisdiction over

---

[1]      A copy of the EEOC's Complaint is annexed as Exhibit 1 to the Declaration of Barbara A. Gross, dated February 3, 2014 ("Gross Decl."), and shall be referred to herein as the "Complaint" or "Cmplt."   All exhibits referred to herein are annexed to the Gross Decl.

[2]      A copy of the proposed Intervenor-Complaint is annexed as Exhibit 2 to the Gross Decl. and shall be referred to herein as the "Intervenor-Complaint."

Plaintiffs-Intervenors' proposed claims under the City HRL because its differing legal standards and remedies will unduly complicate the EEOC litigation. Second, DeMicco's proposed claims based on the alleged failure to provide her with sufficient breastfeeding facilities or breaks for breastfeeding under FLSA Section 207(r)(1) fail because that provision does not provide a private right of action and is also time-barred. Third, DeMicco's proposed similar claim under Labor Law Section 206-c also fails because that provision does not provide a private right of action and, alternatively, the Court should decline to exercise supplemental jurisdiction over the claim because it is a novel question of state law whether New York Labor Law Section 206-c creates a private right of action. Finally, as DeMicco's claims regarding the alleged failure to provide her with sufficient breastfeeding or breaks for breastfeeding are not covered by Title VII, the Court should not exercise jurisdiction over DeMicco's unrelated FLSA and New York Labor Law claims.

Accordingly, this Court should limit Plaintiffs-Intervenors' proposed claims to those alleging sex discrimination under Title VII and the State HRL.

## RELEVANT FACTS AND PROCEDURAL HISTORY[3]

On August 29, 2013, the EEOC filed a Complaint in this Court, alleging that Defendant discriminated against Plaintiffs-Intervenors in violation of Title VII. (*See* Exhibit 1 at p. 1). Defendant filed an Answer on November 25, 2013, and an Amended Answer on December 11, 2013. (*See* ECF Docket Nos. 14, 17). Plaintiffs-Intervenors moved to intervene on December

---

[3]     The following facts are drawn from the Complaint, the Intervenor-Complaint, documents incorporated by reference, and matters of which judicial notice may be taken. *See Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999). The facts drawn from the Complaint and the Intervenor-Complaint are assumed to be true only for the purposes of this motion. *See Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008); *Mitchell v. Faulkner*, No. 07 Civ. 2318, 2009 U.S. Dist. LEXIS 17374, at *10 (S.D.N.Y. March 5, 2009) ("Putative intervenors' well-pleaded allegations are assumed to be true for the purposes of deciding a motion to intervene") (citing *Oneida Indian Nation of Wis. v. N.Y.*, 732 F.2d 261, 264-65 (2d Cir. 1984)). Defendant reserves the right to contest all allegations in the Complaint and the Intervenor-Complaint in subsequent proceedings.

19, 2013.  (*See* ECF Docket Nos. 19-21).  This Court (Francis, M.J.) extended to February 3, 2014 the deadline to oppose the motion to intervene.

## LEGAL ARGUMENT

### I.   THE LEGAL STANDARD

Plaintiffs-Intervenors move to intervene pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure.  (*See* ECF Docket No. 21 at p. 3).  Fed. R. Civ. P. 24(a)(1) states that "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute[.]"  Defendant does not contest the right of Plaintiffs-Intervenors to intervene in this action and assert claims under Title VII.  *See, e.g., EEOC v. Rekrem, Inc.*, 199 F.R.D. 526, 529 (S.D.N.Y. 2001) (a person who files a charge with the EEOC has the right to intervene in a civil action brought by the EEOC to assert claims under Title VII) (Motley, J.); 42 U.S.C. § 2000e-5(f)(1).

However, Plaintiffs-Intervenors do not have an unconditional right to assert claims under the State HRL,[4] the City HRL, the FLSA, and the New York Labor Law.  These are supplemental claims over which the Court *may* exercise supplemental (or pendent) jurisdiction.[5] "[P]endent jurisdiction 'need not be exercised in every case,' inasmuch as it is a 'doctrine of discretion, not of plaintiff's right.'"  *EEOC v. Mavis Disc. Tire*, No. 12 Civ. 0741, 2013 U.S. Dist. LEXIS 141038, at *16 (S.D.N.Y. Sept. 30, 2013) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  "The Court must weigh considerations of economy, convenience and fairness[.]"  *Id.* at *16 (citations, alteration and internal quotations omitted).  "[J]urisdiction should be refused where, for example, there are reasons independent of jurisdictional

---

[4]   Defendant does not oppose the motion to the extent it seeks to assert a gender discrimination claim under the State HRL.

[5]   *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial." *Id.* (citations and internal quotations omitted).

In *Mavis Discount Tire*, a Title VII action brought by the EEOC, the Court declined to exercise supplemental jurisdiction over the intervenors' claims under the State HRL because of the "significant potential for jury confusion." *Id.* at *14-18.  Similarly, in *Rekrem,* also a Title VII action brought by the EEOC, the Court declined to exercise supplemental jurisdiction over the intervenors' claims under 42 U.S.C. § 1981, the State HRL, the City HRL, and state tort claims because "these additional claims would unduly complicate the proceedings and focus the trial away from the parties' Title VII claims."  199 F.R.D. at 529 (citation omitted).

For these reasons, and those explained below, the Court should decline to exercise supplemental jurisdiction over the Plaintiffs-Intervenors' claims under the City HRL, the FLSA, and the New York Labor Law.

## II.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS-INTERVENORS' CLAIMS UNDER THE CITY HRL

This Court should decline to exercise supplemental jurisdiction over Plaintiffs-Intervenors' proposed claims under the City HRL because the likelihood of jury confusion is manifest.  For example, the Complaint and the Intervenor Complaint both allege that Quitoriano was subjected to derogatory remarks.  *Compare* Complaint (Exhibit 1) at ¶32 ("Defendant told [Quitoriano] that she and other women workers were too slow, the women workers took too long to complete work, and the women were low-production, and Defendant called her and Charging Party Nilsa Lopez 'old ladies' and 'old hags'") *with* proposed Intervenor-Complaint (Exhibit 2) at ¶ 44 ("[Quitoriano] was subjected to sexist and ageist comments. For example, on one occasion, the Project Manager stated, without evidence, that women were 'low production' and

'took too long to complete work.'  On other occasions she and another female coworker were referred to as 'old lady' and 'old hag'").

Jury confusion will arise from the fact that different legal theories determine whether these allegations are sufficient to establish a hostile work environment claim.  To prove that claim under Title VII and the State HRL, a plaintiff "must show that her workplace was permeated with discriminatory intimidation, ridicule, and insult, that was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." *Bermudez v. City of N.Y.*, 783 F. Supp. 2d 560, 578 (S.D.N.Y. 2011) (alterations, citations, and internal quotations omitted). However, the City HRL "permits liability for sexual harassment that does not rise to the level of severe or pervasive conduct but only amounts to unwanted gender-based conduct." *Anderson v. Davis Polk & Wardwell, LLP*, 850 F. Supp. 2d 392, 404 (S.D.N.Y. 2012) (citations and internal quotations omitted).  Indeed, "claims under the [City HRL] must be given an independent liberal construction". *Id.* (citations and internal quotations omitted).

These divergent standards of recovery for hostile work environment claims compel the conclusion that this Court should decline to exercise jurisdiction over Plaintiffs-Intervenors' proposed claims under the City HRL.  *See Rekrem, Inc.*, 199 F.R.D. at 529 (severing claims brought under the State HRL and the City HRL, among others, because "these additional claims would unduly complicate the proceedings and focus the trial away from the parties' Title VII claims").

Accordingly, this Court should decline to exercise supplemental jurisdiction over the Plaintiffs-Intervenors' proposed City HRL claims by denying the motion to intervene in part.

**III.   PROPOSED INTERVENOR-PLAINTIFF DEMICCO CANNOT STATE A CLAIM UNDER FLSA SECTION 207(R)(1) BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION**

In the Intervenor-Complaint, DeMicco purports to assert a claim under FLSA Section 207(r)(1) based on Defendant's alleged refusal to provide her with a reasonable break time to express breast milk and failure to "make reasonable efforts to provide her with a room or other location in close proximity to the work area to express breast milk." (*See* Exhibit 2 at ¶¶ 98-103). This claim fails because FLSA Section 207(r)(1) does not create a private right of action and, in any event, the claim is time-barred.

    A.    <u>FLSA Section 207(r)(1) Does Not Create a Private Right of Action</u>

FLSA Section 207(r), titled "Reasonable break time for nursing mothers," provides:

> (r)(1) An employer shall provide –
>
>     (A) a reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk; and
>
>     (B) a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.
>
>     (2) An employer shall not be required to compensate an employee receiving reasonable break time under paragraph (1) for any work time spent for such purpose.

29 U.S.C. §207(r).

In *Salz v. Casey's Mktg. Co.*, the United States District Court for the Northern District of Iowa dismissed a claim brought under FLSA Section 207(r)(1). No. 11 Civ. 3055, 2012 U.S. Dist. LEXIS 100399, at *6-7 (N.D. Iowa July 19, 2012). The Court held that the employee's sole remedy for a violation of FLSA Section 207(r)(1) was to file a complaint with the United States Department of Labor since "there does not appear to be a manner of enforcing the express breast milk provisions" in the statute and because a notice published in 2010 in the Federal

Register states that the Department of Labor is charged with enforcement. *Id.* at *7; *see also* Reasonable Break Time for Nursing Mothers, 75 Fed. Reg. 80073, 80078 (Dec. 21, 2010) ("If an employer refuses to comply with the requirements of section 7(r), . . . the Department may seek injunctive relief in federal district court, and may obtain reinstatement and lost wages for the employee") (citation omitted).[6]

Accordingly, the Court should deny the Motion to Intervene and assert claims by Intervenor-Plaintiff DeMicco under FLSA Section 207(r)(1) because there is no private right of action for such claim.

> B.   Even if FLSA 207(r)(1) Did Create a Private Right of Action, This Claim is Time-Barred

Even if FLSA Section 207(r)(1) did create a private right of action, DeMicco's claim under that statute is untimely. "The statute of limitations under the FLSA is ordinarily two years, but it may be extended to three years if the claim arises from a 'willful' violation." *Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 258 (S.D.N.Y. 2008) (quoting 29 U.S.C. § 255(a)).

In the proposed Intervenor-Complaint, DeMicco alleges that on April 12, 2010 and May 13, 2010, she was not provided a designated space to express breast milk. (Exhibit 2 at ¶75). May 13, 2012 was thus the last date on which DeMicco could have brought suit, and it is undisputed that she did not. DeMicco does not allege that the alleged violation was willful

---

[6]      Our research revealed *Salz* and *Miller v. Roche Sur. & Cas. Co.,* 502 Fed. App'x 891 (11th Cir. 2012) (per curiam) to be the only cases discussing FLSA Section 207(r)(1), which was signed into law on March 23, 2010. The plaintiff in *Miller* alleged a violation of FLSA Section 207(r)(1). *Miller*, 502 Fed. App'x at 892. At trial, the plaintiff testified that she received the necessary breaks to express breast milk and had access to a private place. *Id.* at 893. After the plaintiff testified, the defendant moved for judgment as a matter of law, which the district court granted. *Id.* at 892. There is no indication that either side (or the district court) raised the issue of whether FLSA Section 207(r)(1) created a private right of action. On appeal, the Eleventh Circuit affirmed the dismissal of the FLSA Section 207(r)(1) claim, holding "that the evidence was insufficient for a reasonable jury to find that [the defendant] violated" it. *Miller*, 502 Fed. App'x at 893. The plaintiff also argued on appeal "that the district court erred in concluding that no damages were available to her for the alleged [FLSA] Section 207(r)(1) violation." *Id.* On that issue, the Eleventh Circuit wrote: "because [the defendant] did not violate this provision, we need not decide the issue of damages." *Id.*

(thereby creating a three-year statute of limitations), but even if she had, the claim is still time-barred because she did not file suit on or before May 13, 2013.

To the extent DeMicco may argue that this claim was tolled while her EEOC charge was pending, such argument must fail because the pendency of an EEOC charge generally does not toll the running of the statute of limitations for claims arising from the same events. *See Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 457, 467 (1975) (filing of EEOC charge does not toll statute of limitations on claim under 42 U.S.C. § 1981); *Ashjari v. NYNEX Corp.*, No. 98-9411, 1999 U.S. App. LEXIS 13968, at *4 (2d Cir. June 22, 1999) ("an EEOC charge does not toll the time for state law claims arising from the same events") (citing *Johnson*, 421 U.S. at 465-66); *Gabel v. Richards Spears Kibbe & Orbe, LLP*, 615 F. Supp. 2d 241, 244 (S.D.N.Y. 2009) ("This court, after painstaking analysis of the relevant precedents, has previously held that the pendency of an EEOC proceeding does not toll the running of a statute of limitations on other claims arising out of the employment relationship") (citing *Hargett v. Metro. Transp. Auth.*, 552 F. Supp. 2d 393, 399-401 (S.D.N.Y. 2008)). [7]

Accordingly, this Court should deny the motion to intervene to the extent it seeks to assert a claim under FLSA Section 207(r)(1).

## IV.   PROPOSED INTERVENOR-PLAINTIFF DEMICCO CANNOT STATE A CLAIM UNDER LABOR LAW SECTION 206-C BECAUSE IT DOES NOT CONFER A PRIVATE RIGHT OF ACTION

In the Intervenor Complaint, DeMicco also purports to assert a claim under Labor Law Section 206-c based on Defendant's alleged refusal to provide her with a reasonable break time to express breast milk and failure to "make reasonable efforts to provide her with a room or other

---

[7]      The only apparent exception to this rule is claims brought under the State HRL and the City HRL. *See, e.g., Denigris v. N.Y. City Health & Hosps. Corp.*, 861 F. Supp. 2d 185, 192 (S.D.N.Y. 2012) ("Claims brought under the [State HRL and City HRL] are subject to a three-year statute of limitations, which is tolled for the period between the filing of an EEOC charge and the issuance by the EEOC of a right-to-sue letter"); *Siddiqi v. N.Y. City Health & Hosps. Corp.*, 572 F. Supp. 2d 353, 373 (S.D.N.Y 2008) (same).

location in close proximity to the work area to express breast milk." (*See* Exhibit 2 at ¶¶ 104-109).  Labor Law Section 206-c provides:

> Right of Nursing Mothers to Express Breast Milk
>
> An employer shall provide reasonable unpaid break time or permit an employee to use paid break time or meal time each day to allow an employee to express breast milk for her nursing child for up to three years following child birth.   The employer shall make reasonable efforts to provide a room or other location, in close proximity to the work area, where an employee can express breast milk in privacy.   No employer shall discriminate in any way against an employee who chooses to express breast milk in the work place.

The Court should decline to exercise supplemental jurisdiction over this claim for two reasons: (1) as explained by another District Court in the Second Circuit, there is no private cause of action under Labor Law Section 206-c; and (2) whether the New York State courts would also hold that there is no private right of action under Labor Law Section 206-c is a question that has not been addressed by the state courts and thus presents a novel or unsettled question of state law the Court should not address as part of the Intervenor-Complaint.

The only decision to consider whether Labor Law Section 206-c creates a private right of action is *Kratzert v. White Lodging Servs., Inc.* No. 09-Civ. 597, 2010 U.S. Dist. LEXIS 20820 (N.D.N.Y. March 8, 2010).  There, the Court held that Labor Law Section 206-c does not create a private right of action, and dismissed a complaint premised on an alleged violation of that statute.  *Id.* at *2-3.  The Court observed that "it is clear from the statute and the overall structure of the Labor Law that, as with a number of other statutes concerning workplace conditions, the legislative goal was to improve workplace conditions generally and not establish a vehicle for the compensation of particular individuals."  *Id.* at *2 (collecting cases).

The lack of a private right of action is also confirmed by the fact that Labor Law Section 206-c does not contain any reference to a private right of action, nor do the specific sections of

the Labor Law that do confer private rights of action delineate or refer to Labor Law Section 206-c as a section allowing a private right of action. *See, e.g., Pavlou v. City of N.Y.*, 300 A.D.2d 120, 121 (N.Y. App. Div. 1st Dep't 2002) (holding that no private right of action exists under section 213 of the Labor Law because of the availability of a civil remedy in article 10 of the Labor Law, and citing cases where court declined to find implied causes of action for alleged violations of other sections of Labor Law).

Alternatively, this Court need not consider whether the New York State courts would agree with the District Court's decision in *Kratzert*. Pursuant to 28 U.S.C. § 1367(c)(1), a court may decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of State law[.]" The Second Circuit has held that it is "especially appropriate" to decline to exercise jurisdiction where the pendent claims present novel or unsettled questions of state law." *Oneida Indian Nation of N.Y. v. Madison Cnty. & Oneida Cnty., N.Y.*, 665 F.3d 408, 437 (2d Cir. 2011) (citations omitted). Because there is a dearth of authority from the New York State courts on the issue of whether Labor Law Section 206-c creates a private right of action, the Court should decline to exercise supplemental jurisdiction over DeMicco's claim under Labor Law Section 206-c. [8]

Accordingly, this Court should deny the motion to intervene to the extent it seeks to assert a claim under Labor Law Section 206-c.

---

[8]    Our research failed to locate any other decisions interpreting Labor Law Section 206-c, reinforcing the conclusion that the availability of a private cause of action would present a novel issue in state court.

**V.    THE COURT SHOULD DENY THE MOTION TO THE EXTENT THE PROPOSED INTERVENOR-COMPLAINT PURPORTS TO STATE A CLAIM UNDER TITLE VII BASED ON DEFENDANT'S ALLEGED FAILURE TO ACCOMMODATE DEMICCO'S NEED TO EXPRESS BREAST MILK AND SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER DEMICCO'S CLAIMS UNDER THE FLSA AND NEW YORK LABOR LAW AS THEY WOULD UNNECESSARILY COMPLICATE THE PROCEEDINGS AND DIRECT ATTENTION AWAY FROM THE TITLE VII CLAIMS**

In the proposed Intervenor-Complaint, DeMicco alleges that Defendant interfered with her nursing. (*See* Exhibit 2 at ¶¶ 72-75). Although these allegations are implicitly cited in support of Plaintiffs-Intervenors' claims under Title VII, they are not cognizable under Title VII. *See Martinez v. NBC Inc.*, 49 F. Supp. 2d 305, 311 (S.D.N.Y. 1999) (breast pumping not protected status under Title VII); *McNill v. N.Y. City Dep't of Correction*, 950 F. Supp. 564, 569-72 (S.D.N.Y. 1996) (same). Accordingly, the Court should deny the motion to intervene to the extent it seeks to premise a Title VII claim on DeMicco's allegations related to her status as a nursing mother.

Since the breastfeeding allegations by DeMicco cannot support a Title VII claim, the Court should also decline to exercise supplemental jurisdiction over her FLSA and Labor Law breastfeeding claims in the proposed Intervenor-Complaint because "these additional claims would unduly complicate the proceedings and focus the trial away from the parties' Title VII claims," particularly for the other Intervenor-Plaintiffs who have not asserted any breastfeeding related claims. *See Rekrem*, 199 F.R.D. at 529 (citation omitted).

## CONCLUSION

For all the foregoing reasons, Defendant Vamco Sheet Metals, Inc. respectfully requests that the Court deny the motion to intervene by limiting the proposed Intervenor-Complaint to Plaintiffs-Intervenors' alleged claims of sex discrimination – to the extent they are cognizable –

under Title VII and the State HRL, and award such other and different relief deemed equitable

and just.

Date:   February 3, 2014                          Respectfully submitted,
        New York, New York
                                                 **LITTLER MENDELSON, P.C.**


                                                 By:/s_Barbara A. Gross_____
                                                    Barbara A. Gross
                                                    Jean L. Schmidt
                                                    Joshua S. Hurwit
                                                    900 Third Avenue
                                                    New York, NY  10022.3298
                                                    212.583.9600

                                                    Attorneys for Defendant Vamco Sheet
                                                    Metal, Inc.